UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORMA JEAN BALCOM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO: 1:09-cv-0057-LJM-DML |
| ) | |
| UNIVERSITY OF INDIANAPOLIS, ) | |
| MATTHEW WILL, and MITCH SHAPIRO, ) | |
| ) | |
| Defendants. ) | |

## Order on Defendants' Motion to Compel Discovery

This matter is before the court on the Motion to Compel Discovery filed jointly by all the defendants (collectively referred to in this Order as "the University"). (Dkt. 66). The motion raises two issues. First, the University seeks to compel production of documents regarding profits or losses from Ms. Balcom's horse business from 2004-2007. Second, the University believes that Ms. Balcom is alleging injury beyond "garden variety" emotional distress and therefore seeks discovery of her medical records. Ms. Balcom opposes production because she denies that she is seeking anything more than the "typical" emotional distress damages. As explained below, the court GRANTS IN PART AND DENIES IN PART the motion to compel.

Requests Regarding Ms. Balcom's Income

The court discerns from the briefing that Ms. Balcom reads the University's Second Request for Production of Documents numbers 1 and 2 to request her complete income tax records from 2004 to 2007. (*See* Dkt. 73, p. 1). The University clarified in written correspondence, however, that it seeks only information related to the income and expenses for her horse business. (Dkt. 66, Ex. F). In response to that letter, Ms. Balcom replied that she had

1

no objection to producing Schedule Fs,[1] on which she reports her "expenses, profit, and loss" from her horse business.  Despite this, Ms. Balcom has not produced them.  She must produce her Schedule Fs for January 1, 2004 – December 31, 2007, within 7 days of this Order.  It is not clear whether the University has agreed that it is willing to accept production of the Schedule Fs in full satisfaction of Requests 1 and 2, or whether it still wants other documents related to her horse business, such as income and loss statements and cash flow projections.  The University must first review Ms. Balcom's Schedule Fs before requesting any other related documents.[2]

Requests for Medical Records

The University's First Request for Production number 17 asks Ms. Balcom to produce, "[t]o the extent you are seeking damages for emotional distress in this action, all documents that evidence, refer, or relate to the alleged emotional distress that you claim to have suffered as a result of the acts alleged in the Complaint."  (Dkt. 66, Ex. A).  Request number 18 seeks, "[t]o the extent you are seeking damages for emotional distress in this action, all documents that evidence, refer, or relate to treatment by any medical or mental health professionals for the alleged emotional distress that you claim to have suffered as a result of the acts alleged in the Complaint."  (Dkt. 66, Ex. A).  Ms. Balcom responded:  "Medical records will be supplied upon approval by the Court of an agreed Protective Order related to Plaintiff's medical records."  (Dkt. 66, Ex. A).  The court entered an agreed protective order, and Ms. Balcom produced four pages

---

[1] Schedule F reports farm income and expenses to the IRS.

[2] Ms. Balcom's response also challenges certain requests in the University's First Request for Production of Documents.  (Dkt. 73, pp. 1-2).  This appears to be a non-issue, because the University's motion to compel is not directed to those requests.  This case has generated ample discovery disputes, so the court is not inclined to wade into matters not specifically raised by the motion.

of examination notes, three pages of pharmacy refill authorizations, and an October 27, 1999 doctor's letter. (Dkt. 66, Ex. H).

Interrogatory 1 of the University's Second Set of Interrogatories asks Ms. Balcom to "[i]dentify . . . each physician, psychologist, psychiatrist, or any other medical provider or counselor with whom you have consulted or visited at any time from January 1, 2000, to present . . ." (Dkt. 66, Ex. I). Ms. Balcom responded, "Plaintiff objects to [the University's] discovery requests as relates to copies of her . . . entire medical records." (Dkt. 66, Ex. E).

As noted above, Ms. Balcom did produce examination notes from four doctor visits, three pages of prescription refill authorizations, and an October 27, 2009 letter that the University calls a "prepared-for-litigation doctor's letter" that references symptoms since "Mid 2006." (Dkt. 66, p. 8). That letter says:

> The most common trigger to [Ms. Balcom]'s increasing migraines has been stress related to her work. In 2006, [Ms. Balcom] and I began to discuss stress and harassment that she was experiencing at her job. Flares would correspond to her EEOC case and any hearings. In 2008, she changed work positions and her migraines temporarily improved. However as the court case has progressed and she has had to talk and deal with the stress, her headaches and insomnia have again worsened. I believe that without the significant stress that has occurred in her work environment, [Ms. Balcom] would not have suffered so extensively these last three years.

(Dkt. 66, Ex. H).

The University later clarified that it does not seek all of her medical records, but "the records of consultation or treatment relating to any mental health/emotional conditions or symptoms on and after June 2006." (Dkt. 66, Ex. F). It also seeks "records of consultation and treatment for the same or similar conditions or symptoms before the events that give rise to her claims in order to test her claim of causation."

Ms. Balcom insists that she is not claiming injury beyond "garden variety" emotional distress and therefore is not required to provide this information. She cites an Indiana Court of Appeals case, *Stuff v. Simmons*, 838 N.E.2d 1096, (Ind. Ct. App. 2005), in which the court analyzed Fed.R.Civ.P. 35 and determined that a "general, run-of-the-mill claim of emotional distress" does not place a plaintiff's mental condition in controversy. As another court put it, a claim for "'emotional distress' is not synonymous with the term 'mental injury' . . . for purposes of ordering a mental examination of a party under Rule 35(a). . ." *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995). A claim for emotional distress damages, without more, is not sufficient to put mental condition "in controversy" within the meaning of Rule 35. *Id.*

Although the University is not seeking a medical or mental examination of Ms. Balcom under Fed.R.Civ.P. 35, it agrees that the pertinent distinction is between "emotional distress" and "mental or physical injury." But it argues that the October 27, 2009 letter demonstrates that Ms. Balcom has put her mental or physical health "in controversy" by asserting a causal link between her "stress and harassment" and her migraine headaches.

Courts analyzing similar issues have found that a plaintiff has put her mental or physical health "in controversy" when at least one of the following is present: (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation or a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) a plaintiff's concession that her mental condition is in controversy within the meaning of Fed.R.Civ.P. 35. *Stuff*, 838 N.E.2d at 1102; *see also Turner*, 161 F.R.D. at 98.

At least one, if not more, of the factors listed above may be implicated in this case. The October 27, 2009 letter reveals that Ms. Balcom may intend to assert a link between the alleged

harassment and increased frequency of migraines. Her doctor's letter states, for example, "Flares would correspond to her EEOC case and any hearings." (Dkt. 66, Ex. H). Further, the October 27, 2009 letter and her production of medical records may signal an acknowledgement by Ms. Balcom that her mental or physical condition is in controversy in this case. The fact that she produced medical records in response to a request for records that evidence the alleged emotional distress could be inconsistent with her claim that she is alleging no more than the "general, run-of-the-mill claim of emotional distress."

On the other hand, Ms. Balcom says she produced these records merely because they were responsive to the University's request. Perhaps she has no intention of presenting evidence or argument about anything other than the "general, run-of-the-mill claim of emotional distress." Ms. Balcom seems to be making that commitment. (*See* Dkt. 73, pp. 5-6.)[3] If that is so, she need not produce the requested records. But the court will be clear about this: Ms. Balcom cannot have it both ways. She cannot, through her own testimony or any other evidence, maintain anything beyond a simple, unadorned assertion that she experienced "emotional distress." Any gloss on this assertion, including evidence of a causal connection between the conduct of the defendants and any specific physical or mental symptom or condition would implicate these records. Evidence of severity or about treatment would do so also. Introduction of the October 27, 2009 letter or evidence from any treatment provider or expert would likewise be improper if the requested information has not been provided. These limitations apply at all stages of this litigation (*e.g.*, summary judgment and trial).

If Ms. Balcom is not willing to accept these limitations, then she must produce the requested information within 21 days of this Order.

---

[3] She also maintains that she does not intend to claim any more severe injury or damages for the assault alleged in her complaint. *See id.*, p. 6.

Conclusion

Ms. Balcom must produce her Schedule Fs for January 1, 2004 to December 31, 2007, within 7 days of this Order.  Ms. Balcom must produce the requested medical information within 21 days of this Order or be precluded from presenting evidence or asserting claims inconsistent with the limitations described in this Order.

So ORDERED.

Date: 06/09/2010

                                            Debra McVicker Lynch
                                            United States Magistrate Judge
                                            Southern District of Indiana

Distribution:

Brian D. Burbrink
BAKER & DANIELS - Indianapolis
brian.burbrink@bakerd.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com